**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                              |   |                          |
|------------------------------|---|--------------------------|
| SHADE BURRELL,               | * |                          |
|      Plaintiff,              | * |                          |
|                              | * |                          |
| v.                           | * |   Civil No. 25-2154-BAH  |
| STATE OF MARYLAND ET AL.,    | * |                          |
|      Defendants.             | * |                          |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>

Plaintiff Shade Burrell ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2. The case was initially closed after Plaintiff did not comply with a deficiency notice. *See* ECF 4 (deficiency notice); ECF 5 (order dismissing case). Plaintiff subsequently corrected the deficiency, *see* ECF 7, and the case was reopened. The Court will reinstate the motion for leave to proceed in forma pauperis and grant the motion.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391

(4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, Plaintiff's complaint fails to state a cognizable claim upon which this Court can grant relief. She will be directed to show cause why the complaint should not be dismissed.

Plaintiff brings suit against the State of Maryland, Erica Jones, the Essex District Court, and the Supreme Court of Maryland Clerk's Office. *See* ECF 1. She has also filed a supplement to the complaint, ECF 7, which the Court will construe as a part of the complaint. She cites 42 U.S.C. § 1983 as the basis for her claims and alleges "[m]alicious prosecution" and violation of the due process and equal protection clauses of the Fourteenth Amendment. *See* ECF 1, at 3. Her factual allegations include "[p]ublic exposure of private address" and "Supreme Court took 8 weeks to deny fee waiver for writ of certiorari then denied the entire writ days after payment." *Id.* She further alleges:

> The courts allowed arrest, warrants, peace orders based on hearsay, lies and no evidence. Plaintiff's address was publicly posted on case search taken from postage by the Supreme Court despite displaying evidence of a threatening online stalker harassing family. Prosecution dismissed Jone's [sic] vandalism as not vandalism but further enables her to abuse the system[.]
>
> . . .
>
> In December 2024 my grandmother walked outside for work to find the word "bitch" written on her work car. The handwriting matched court submitted documents by Erica Jones. Due to already pending legal proceedings against me from Jones I did not know how to go about this until March 2025. I filed charges against her stating she vandalized the vehicle. I was then coerced by one of the ladies in the clerks office to change my statement to say it was only written in some sort of paint leading to the charges being dropped against her which shows bias favor of Jones. They also continuously allow this woman to harass and target me and file unjustified peace orders despite her actions. I am being unfairly and unequally treated.

*Id.* at 4. She alleges that she was injured in September 2023 in an altercation with Jones' coworkers "when [she was] trying to peacefully leave the premises." *Id.* at 5.

2

Plaintiff specifically asks this Court to "[d]eclare the warrant and peace order invalid;" "[a]ward compensatory and punitive damages; "[o]rder removal/sealing of Plaintiff's personal information;" and "[g]rant attorneys' fees and costs." *Id.* Plaintiff attaches screenshots of text messages, social media posts, websites, and photographs, some of which are annotated. *See* ECF 1-1. The supplement includes additional screenshots, pictures, and annotations, the relevance of which is not entirely clear. *See* ECF 7-1. In that supplement, Plaintiff also clarifies that she seeks "dismissal of case D08CR23012158 as the case was brought forth on falsehoods, targeted slander/defamation and hearsay and for the warrant to be quashed or recalled as I have complied with court instructions." *Id.* at 24. The Court takes judicial notice of the docket in Case No. D08CR23012158, which appears to be a criminal case against Plaintiff in the District Court of Mayland for Baltimore County where Plaintiff was found guilty of failure to comply with a peace order. *See* Fed. R. Evid. 201; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (per curiam) (noting that a "district court may clearly take judicial notice of [state court] public records"). The state court held a violation of probation hearing on July 17, 2024, at which the docket indicates Plaintiff (defendant in that case) failed to appear, so a bench warrant issued. *See* Case No. D08CR23012158 (Dist. Ct. for Balt. Cnty.), Maryland Judiciary Case Search, available at http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. Plaintiff's motions to dismiss and quash the warrant were denied by the state court. *See id.*[1]

Plaintiff brings her claims under § 1983, which provides "a method for vindicating federal rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted). It allows suits against

---

[1] In the supplement, Plaintiff lists additional "related cases," including D08CR25020192 and D08CR5002450, which appear to both be open criminal cases against Plaintiff alleging trespassing, stalking, and harassment, and D08CV19035682, which appears to be a closed civil contract case to which Plaintiff is not a party.

any "person" acting under color of state law who subjects the claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. This Court cannot grant the relief Plaintiff seeks for the reasons described below.

## I.    *Heck v. Humphrey* Bar

To the extent Plaintiff seeks damages in relation to her conviction in the referenced criminal case through § 1983, such claims are barred by *Heck v. Humphrey*. In *Heck v. Humphrey*, the Supreme Court held that to bring a § 1983 action for damages after a plaintiff has been convicted and/or imprisoned in the underlying criminal proceeding, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486–87 (1994). If a claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," then it "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. "Through what has become known as the 'favorable termination requirement,' the Court ensured that § 1983 litigation would not result in inconsistent judgments or retrials of old state convictions through pathways other than those delineated by Congress." *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (citing *Nelson v. Campbell,* 541 U.S. 637, 646–47 (2004)); *see also Thompson v. Clark*, 596 U.S. 36, 49 (2022) (holding that a "§ 1983 [claim] for malicious prosecution [typically brought under the Fourth Amendment] does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence[,] only . . . that the criminal prosecution ended without a conviction"). Plaintiff has not shown (and a review of the state court docket does not otherwise demonstrate)

that the criminal case has ended in a favorable termination. Thus, any claim that challenges the validity of Plaintiff's conviction is not actionable.

## II.    *Younger* **Abstention**

Further, the *Younger* abstention doctrine counsels in favor of this Court abstaining from hearing a challenge to any ongoing criminal proceedings. *See Younger* v. *Harris*, 401 U.S. 37, 44–45 (1971). The *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *see also United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013).

The state criminal proceedings were underway (or concluded) prior to the recent filing of this suit and remain ongoing. Criminal prosecutions implicate vital state interests and Plaintiff has an adequate opportunity to advance his claims regarding the validity of the charges against him in state court. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("[O]ne class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding . . . ."); *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights[.]" (citation omitted)). Whether sufficient evidence exists to support a conviction is a matter the state court will necessarily have to determine. Plaintiff may also challenge a warrant in state court (and, indeed, Plaintiff appears to have filed a motion to quash in the violation of probation proceedings).

While the decision to abstain from hearing a challenge to state criminal proceedings is straightforward, whether outright dismissal is appropriate is less apparent. The Fourth Circuit has clarified that

> When *Younger* abstention is invoked against claims seeking only injunctive or declaratory relief, those claims are usually (as was done here) dismissed with prejudice. *See Nivens v. Gilchrist*, 444 F.3d 237, 247–48 (4th Cir. 2006). But when the plaintiff requests monetary damages with respect to a claim, a "District Court has no discretion to dismiss rather than to stay" that claim. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). Damages for federal constitutional violations are not generally available in state criminal proceedings, and so the federal courts will allow a plaintiff to return to request such damages after the state criminal proceedings against him have concluded. *See id.* at 202–03. Finally, when a party "seeks not only injunctive and declaratory relief but money damages as well," we have held that "the appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims." *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989).

*Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 559–60 (4th Cir. 2024). Here, it is not clear whether Plaintiff seeks injunctive or monetary relief in relation to any ongoing state criminal proceedings. Nor has Plaintiff adequately explained *how* any ongoing state criminal proceedings violate her federal constitutional rights. Plaintiff will therefore be directed to show cause why the complaint should not be dismissed (as opposed to stayed). Specifically, she must explain how precisely her rights are being violated and explain whether she seeks damages or injunctive relief (or both) as a remedy.

### III.  *Rooker-Feldman* Doctrine

To the extent Plaintiff challenges specific state court rulings,[2] including peace orders issued by the state trial court and the Maryland Supreme Court's denial of in forma pauperis status or

---

[2] It is not clear when or in what case the Supreme Court issued the denials Plaintiff challenges. No orders in the criminal case referenced above have been appealed.

denial of certiorari,[3] the *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review

of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983) (quoting

*Atlantic Coast Line R. Co. v. Brotherhood. of Locomotive Engineers*, 398 U.S. 281, 296 (1970));

*see also Millholland v. Abbeville Cnty.*, No. 820CV04368TMCJDA, 2021 WL 260420, at *3

(D.S.C. Jan. 5, 2021) (finding no jurisdiction to review state court's denial of in forma pauperis

status under *Rooker-Feldman*), *report and recommendation adopted,* No. 8:20-CV-4368-TMC,

2021 WL 252585 (D.S.C. Jan. 26, 2021).  The following requirements must be met for the *Rooker–*

*Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains

of injuries caused by the state-court judgments; (3) those judgments were rendered before the

federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-

court judgments.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see*

*also Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir.

2010) (noting that the second and fourth requirements are the key to determining whether a federal

suit presents an independent, non-barred claim).  If applicable, the federal court lacks subject

matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed.  *See*

*Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  "[T]he *Rooker-*

*Feldman* doctrine applies only when the loser in state court files suit in federal district court

seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va.*

---

[3] Plaintiff has not stated a cognizable claim that the denial of certiorari violated any right.  *See*
*Coyle v. State*, 335 A.3d 923, 940 (Md. 2025) (noting that "petitions for writs of *certiorari*" are
"discretionary proceedings"); *Bey v. Supreme Ct. of S.C.*, No. CIV.A. 0:13-957-SB, 2013 WL
2395097, at *4 (D.S.C. May 31, 2013) (noting that "since 1988 such United States Supreme Court
review is discretionary by way of a writ of certiorari and is not an appeal of right" (citing *Ernst v.*
*Child and Youth Servs.,* 108 F.3d 486, 491 (3d Cir. 1997))).

*Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp*, 544 U.S. at 280 (2005)).

This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citations omitted). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "in order to grant the federal . . . relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyler*, 129 F.3d at 733). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

As Plaintiff here appears to challenge various specific rulings by the state courts, this Court does not have jurisdiction over those claims pursuant to the *Rooker-Feldman* doctrine.  Plaintiff, of course, retains the ability to exercise her appellate rights in the state court system and then to the Supreme Court of the United States.  *See Jordahl*, 122 F.3d at 202 ("[T]he [*Rooker-Feldman*] doctrine reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeals."); *see also* 28 U.S.C. § 1257.

## IV.    Eleventh Amendment Immunity as to the Entity Defendants

Plaintiff's complaint also fails because the entity defendants named, including the State of Maryland, the Essex District Court, and the Supreme Court of Maryland's Clerk's Office are immune from this § 1983 suit.  Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless the state consents to being sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 35 (2012) (affirming that Maryland appellate court was immune from damages suit under Eleventh Amendment); *Weigel v. Maryland*, 950 F. Supp. 2d 811, 831 (D. Md. 2013) (noting that Eleventh Amendment immunity applies to Maryland courts and court officials sued in their official capacities); *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989) (finding that state had Eleventh Amendment immunity from suit brought against state court clerk in official capacity). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."  *Halderman*, 465 U.S.

at 100 (emphasis in original); *see also Will*, 491 U.S. at 66 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

There is one narrow exception to this principle: the *Ex parte Young* doctrine permits claims against the state for prospective injunctive or declaratory relief for an ongoing violation of federal law. *See TFWS, Inc. v. Schaefer*, 242 F.3d 198, 204 (4th Cir. 2001). But to the extent Plaintiff's complaint can be read as alleging an ongoing violation of federal law by the state in pending criminal actions, any such claim is still subject to the *Younger* abstention doctrine explained above.

Further, this Court does not have the authority to order a state agency, including the state courts, to take a particular action (such as removing identifying information from public disclosure). *See Thompson v. Cir. Ct. of Prince George's Co.*, Civ. No. RWT-12-1091, 2012 WL 12952584, at *1 (D. Md. June 5, 2012) (citing *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 586–87 (4th Cir. 1969)), *aff'd sub nom. Thompson v. Cir. Ct. of Prince George Co.,* 478 F. App;x 763 (4th Cir. 2012).

## V.    Failure to State a Claim Against the Individual Defendant

The complaint is not clear which claims Plaintiff intends to bring against Erica Jones, but, as Plaintiff only brings claims under § 1983, they all fail against Jones because private individuals are generally not liable under § 1983. "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 301 (4th Cir. 2001)) (additional internal quotation marks and citation omitted). When assessing section 1983 claims brought against ostensibly private actors, courts must "consider the totality of the circumstances of the relationship between the private actor and the state to determine whether the

action in question is fairly attributable to the state." *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citing *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000)). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999)). The Fourth Circuit has summarized the necessary inquiry as testing whether there is "a sufficiently 'close nexus'" between a private actor and the state such that the actions of the former "may be fairly treated" as those of the latter. *Mentavlos*, 249 F.3d at 314 (quoting *Brentwood Acad. v. Term. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citations omitted)). Applying this framework here, there are no allegations in the complaint to support an inference that any conduct by Jones could be considered state action. And while Plaintiff alleges she was "injured [in] September 2023 by coworkers of Erica Jones," ECF 1, at 5, Plaintiff does not bring any claims against these individuals.[4]

To the extent Plaintiff's allegations regarding the vandalism of her grandmother's car can be read as stating a cognizable claim, Plaintiff may not bring a claim on behalf of her grandmother. *See Warth v. Seldin*, 422 U.S. 490, 510 (1975) (explaining limited circumstances where the Supreme Court has found "standing to litigate the rights of third parties when enforcement of the challenged restriction against the litigant would result indirectly in the violation of third parties' rights"); *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to

---

[4] The Court's subject matter jurisdiction over any such claim (or a claim against Jones) is also unclear. For the Court to have jurisdiction over a state law claim brought based on these factual allegations, there would need to be complete diversity between the parties and the amount in controversy would have to exceed $75,000. *See* 28 U.S.C. § 1332(a).

litigate for *oneself,* however, does not create a coordinate right to litigate for *others*.").  Nor can Plaintiff bring a claim challenging the state "[p]rosecution['s] dismiss[al of] Jone[s]'s vandalism as not vandalism."  ECF 1, at 4.  First, Plaintiff does not bring a claim against a prosecutor.  But more importantly, such a claim would not be actionable as prosecutors are absolutely immune from suit based on their performance of advocative functions, including evaluating evidence and deciding whether to pursue a criminal case.  *See Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018) (noting that a prosecutor's advocative functions, as opposed to investigative functions, are protected by absolute immunity); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996).

**VI.**    **Conclusion**

       In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990).  However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties.  Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).  The Court will therefore direct Plaintiff to show cause (as explained herein) why the complaint should not be dismissed.  Plaintiff is forewarned that failure to show cause will result in dismissal of the complaint without further warning.

       Accordingly, it is this 5th day of January, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

       1.  Plaintiff's motion to proceed in forma pauperis, ECF 2, is REINSTATED and

GRANTED;

2.  Plaintiff is DIRECTED to SHOW CAUSE by January 26, 2026, why the complaint should not be dismissed;

3.  Plaintiff IS FOREWARNED that failure to comply with this memorandum and order to show cause in the time specified will result in dismissal of this case without further notice; and

4.  The Clerk SHALL PROVIDE a copy of this memorandum and order to show cause to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge

13